## NEVINS ET AL VS. COLLINS

### SUPREME COURT APRIL, 14. 1881.

*Insolvent Corporation—Liability of Stockholders.*—An assignment by an insolvent banking corporation of "all assetts whatever belonging to said bank," for the benefit of its creditors, includes whatever was due from stockholders for stock unpaid, and by the deed of assignment the right to recover of the stockholders what was so due by them vested in the assignee. Having accepted a dividend under the assignment a creditor cannot thereafter treat it as invalid and appropriate to his exclusive benefit asset which belonged to the assignee for the benefit of all the creditors alike

Appeal from Grayson county tried before Hon. Joseph Bledsoe, district judge.

The appellee having obtained a judgment in the Grayson district court against the Drovers and Planters' bank, filed a motion against appellants and W. H. Hughes, alleging that they each owned stock in said bank, and had not paid for the same; that the bank was insolvent, and had no property on which to levy an execution, which had been issued on the judgment and returned *nulla bona*, and prayed for an order authorizing the issuance of an execution against appellants. The appellants pleaded the general denial, and appellant Hughes specially, that he was merely a nominal stockholder having accepted the assignment of twenty-five shares of the capital stock of the bank at the instance of the officers thereof, to qualify him for the position of assistan cashier of the bank, with the understanding that he was to pay nothing for the stock or be liable as a stockholder; also plead infancy at

the date of the transfer of the stock to him, and appellant
Nevins pleaded specially a compromise between himself and
the creditors of the bank, including appellee, which had been
partially carried out, and which he was ready and willing to
complete, and the appellants jointly pleaded an assignment
by the bank, prior to appellee's judgment against it, and the
filing of his motion against appellants, to Sam Hanna for the
benefit of its creditors, conveying all its property to Hanna ;
that Hanna accepted the assignment and qualified as assignee,
and was proceeding to execute the trust, and had on hand un-
administered assets of the bank subject to execution, that the
assignment was made at the instance of the creditors, includ-
ing appellee, and they had received the benefit of it.  Appellee
denied under oath being a party to the compromise alleged by
Nevins.

Upon the issues formed by the above pleading, the case
came to trial before a jury, and resulted in a verdict and
judgment for appellee, against appellants and for W. H.
Hughes.  The appellants moved for a new trial, which being
refused, they excepted, gave notice of appeal, assigned errors,
and bring the case to this court by appeal.

Woods Wilkins and Cunningham, attorneys for appellants.

J. W. Story and J. N. Robertson, attorneys for appellees.

Opinion by Gould, C. J.

This is a proceeding under the statute which authorizes
the court, on motion and after notice, to order execution
against any of the stockholders of a corporation to an extent
equal to the amount of stock unpaid, in case where execution
has been issued against the property or effects of the cor-
poration and no property can be found whereon to levy.  R.
S. Art. 595 ; P. D. Art. 5960.

One of the defenses was that the defendant corporation,
the Drover's & Planter's bank of the city of Denison, in July
1878, being insolvent, at the request of some of its creditors,
including plaintiff Collins, executed an assignment conveying
to one Hanna "all assets whatsoever belonging to said bank,"
for the benefit of its creditors, that all the creditors assented
to said assignment; that the plaintiff availed himself fully of
its benefits and that Hanna was still proceeding to execute

the same, having assets in his hands unadministered, it being yet impossible to tell what amount would be received by the creditors. The evidence was that the assignee had paid a dividend of 45 per cent. to the creditors including the plaintiff and that it was after receiving the dividend that plaintiff Collins sued on the balance of his claim and procured his judgment

Our opinion is that the terms of the assignment, "all assets whatsoever belonging to said bank," included whatever was due from stockholders for stock unpaid, and that by the deed of assignment the right to recover of stockholders what was so due by them rested in the assignee Hanna. Having accepted a dividend under this assignment, the plaintiff could not thereafter treat it as invalid and appropriate to his exclusive benefit assets which belonged to the assignee for the benefit of all the creditors alike. Thompson's Liability of Stockholders, Sec. 340-341.

The statute provides the judgment creditor of a corporation with an efficient remedy against stockholders whose stock is unpaid, but was not designed to interfere with the operation of a valid assignment of an insolvent corporation covering its entire assets and therefore covering what is due from stockholders as well as others.

The court in its charge took a different view of the law, requiring a reversal of the judgment. Other questions presented need not be noticed. The judgment is reversed and the cause remanded.

## MISSOURI PACIFIC R. R. CO. VS. JEROME HARRIS.

### COMMISSIONERS OF APPEAL, APRIL 18, 1882.

*Railroad—Damages to Live Stock by Transportation—Restriction of Liability of Common Carriers.*

Suit for damages for injury sustained in transportation, by railroad companies, of cattle shipped from Fort Worth to Chicago, occasioned by delay on the trip. Defense, special contract with the owner, by the terms of which the latter waived claim of damages for all delays, unless occasioned by the wilful negligence of the railroad's agents, and stipulating as a condition precedent to any right of recovery that the owner shall give notice of his claim for damages at the terminus of his voyage, which defendant alleges was not given.

*Held*, that such special contract so far as it exonerated the railroad from liability for delay, was invalid and constituted no answer to the